## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>   Debtors. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered |
| STEPHEN DARR AS HE IS THE TRUSTEE<br>OF THE CHAPTER 11 ESTATES OF<br>TELEXFREE, LLC, TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>SUNWIND ENERGY DOYLE NORTH LLC,<br>SUNWIND ENERGY SOLUTIONS DOYLE<br>NORTH, LLC, SUNWIND ENERGY<br>SOLUTIONS LLLP, and SUNWIND ENERGY<br>GROUP LLLP,<br><br>   Defendants,<br><br>and<br><br>TOP NOTCH PERFORMERS, LLC<br><br>   Reach and Apply Defendant. | Adv. Proc. No. 16- |

### VERIFIED COMPLAINT

#### Introduction

Stephen Darr is the duly appointed and acting Trustee (the "Trustee") of the Chapter 11

Estates of TelexFree, Inc., TelexFree, LLC and TelexFree Financial, Inc., (collectively,

"TelexFree" or the "Debtors").   The Trustee previously commenced an action (the "Prior

Action", Adv. Proc. No. 16-4019) against Sunwind Energy Doyle North LLC, Sunwind Energy

Solutions Doyle North LLC, Sunwind Energy Solutions LLLP, and Sunwind Energy Group

LLLP (collectively, "Sunwind") for recovery of amounts paid by TelexFree to or for the benefit

of Sunwind.  The Prior Action culminated in a Settlement Agreement (the "Settlement

Agreement") whereby, among other things, Sunwind stipulated to its indebtedness to TelexFree

in the approximate amount of $3,000,000.  Since that time, Sunwind has entered into an Asset

Purchase Agreement (the "Purchase Agreement"), with Top Notch Performers, LLC ("Top

Notch") for the sale of its assets for a purchase price of $5,500,000.  The Trustee now

commences this second action to: (i) obtain a judgment on account of the obligation

memorialized in the Settlement Agreement; (ii) obtain an injunction pursuant to Bankruptcy

Code Section 105(a) enjoining and restraining Sunwind from closing the sale unless the sale

proceeds paid at the closing on the Purchase Agreement are distributed consistent with the

Settlement Agreement; and (iii) reach and apply funds to be paid by Top Notch at the closing.

### Parties

1.      The Trustee, who is the duly appointed Chapter 11 trustee of the Debtors, has a

principal place of business in Boston, Massachusetts.

2.      The Defendants, Sunwind Energy Doyle North LLC, Sunwind Energy Solutions

Doyle North LLC, Sunwind Energy Solutions LLLP, and Sunwind Energy Group LLLP

("Sunwind") have a place of business at 825 E. Main Street, Suite B, Boonville, IN 47061.

3.      Reach and Apply Defendant, Top Notch Performers, LLC, is a limited liability

company with a place of business at 5151 Procyon Street, #110, Las Vegas, Nevada 89118.

2

## Jurisdiction

4.      This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C.

§ 1334(b).  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)

and (O).

5.      Venue in this district is proper under 28 U.S.C. § 1409.

## Background

6.      On April 13, 2014, the Debtors filed voluntary Chapter 11 petitions in the United

States Bankruptcy Court for the District of Nevada.

7.      On May 6, 2014, the Court approved the motion of the Securities and Exchange

Commission to transfer the Debtors' cases to the United States Bankruptcy Court for the District

of Massachusetts.

8.      On May 30, 2014, this Court allowed the motion of the United States Trustee for

the appointment of a Chapter 11 trustee.  The Trustee was appointed on June 6, 2014.

9.      On or about March 3, 2016, the Trustee commenced the Prior Action against

Sunwind and others.  Pursuant thereto, the Trustee sought to recover amounts advanced to or on

behalf of Sunwind in connection with Sunwind's development of a windfarm project in the

Midwestern United States.

10.     On or about June 7, 2016, the Trustee and Sunwind entered into the Settlement

Agreement (Adv. Proc. No. 16-4019, docket entry 13). Pursuant to the Settlement Agreement,

Sunwind acknowledged owing to TelexFree the principal sum of $2,608,889 plus accrued

interest through April 1, 2016 of $423,497.35, with interest continuing to accrue at a rate of 5%

per annum (the "Obligation").  Sunwind also agreed to, among other things, assent to entry of

3

judgment for the amount of the Obligation and the issuance of an execution thereon. A copy of the Settlement Agreement is annexed hereto as <u>Exhibit A</u>.

11.     The Settlement Agreement further required the Trustee's written consent to the sale of assets by Sunwind.

12.     On or about July 27, 2016, the Bankruptcy Court entered an order approving the Settlement Agreement. A copy of the Order approving the Settlement is annexed hereto as <u>Exhibit B</u>.

13.     On or about August 8, 2016, Sunwind and Top Notch entered into the Purchase Agreement. The Purchase Agreement provides for Top Notch to pay the sum of $5,500,000 for the assets of Sunwind. The Trustee has consented to the implementation of the sale by Sunwind to Top Notch, subject to the payment of the Obligation at closing and compliance with the terms of the Settlement Agreement.

14.     The Trustee has commenced this action to ensure that Sunwind and Top Notch comply with the terms of the Settlement Agreement.

<div align="center">

**<u>COUNT ONE</u>**
**Entry of Judgment- Sunwind Defendants**

</div>

15.     The Trustee realleges and repeats the allegations in the foregoing paragraphs and by reference incorporates them herein.

16.     In accordance with the terms of the Settlement Agreement, the Trustee requests that judgment enter in favor of the Trustee in the amount of the Obligation, in the form annexed as <u>Exhibit C</u> hereto.

## COUNT TWO
### Reach and Apply – Against Top Notch

17.     The Trustee realleges and repeats the allegations in the foregoing paragraphs and by reference incorporates them herein.

18.     Pursuant to the terms of the Purchase Agreement, Top Notch, upon satisfaction of the conditions therein, will be indebted to Sunwind in the amount of $5,500,000.

19.     The obligation of Top Notch to pay Sunwind pursuant to the terms of the Purchase Agreement cannot be attached at an action at law, but the Trustee, in his capacity as trustee of TelexFree bankruptcy Estates, may reach any monies payable to Sunwind on account of the Purchase Agreement and apply such proceeds against repayment of the Obligation pursuant to M.G. L. c. 214, § 3.

## COUNT THREE
### Injunctive Relief – Against Sunwind Defendants and Top Notch

20.     The Trustee realleges and repeats the allegations in the foregoing paragraphs and by reference incorporates them herein.

21.     Sunwind acknowledged its indebtedness to TelexFree in the Settlement Agreement and is required to pay the Obligation, in full, upon the closing of a sale of its assets.

22.     The Trustee seeks the entry of an injunction in conjunction with the reach and apply count so as to create an equitable lien on the proceeds from the sale of the assets to Top Notch.

23.     Unless an injunction is entered enjoining Sunwind from distributing the sale proceeds from the Purchase Agreement in a manner inconsistent with the terms of the Settlement Agreement, the TelexFree estate may be irreparably harmed because Sunwind has no other means by which to satisfy the Obligation other than the proceeds of sale to Top Notch.  Further,

the equitable lien created by the injunction is necessary to secure the Trustee's right to recover

the proceeds from the sale of the Sunwind assets to Top Notch.

24.    The harm that will be suffered by the Trustee if the injunctive relief is not granted

substantially outweigh any harm to Sunwind if the relief is granted.

25.    The Trustee believes that the injunction requested herein is necessary and

appropriate to carry out his duties in accordance with the provisions of the Bankruptcy Code and

that failure to restrain Sunwind from disbursing the sale proceeds in a manner inconsistent with

the Settlement Agreement would seriously impair the Trustee's ability to marshal the assets of

the Estates.

26.    Therefore, the Trustee is entitled to an injunction restraining and enjoining

Sunwind from disbursing the sale proceeds from its sale to Top Notch in a manner inconsistent

with the payment in full to the Trustee of the Obligation.

**WHEREFORE,** Stephen Darr as he is the Trustee of the Chapter 11 Estates of the

Debtors respectfully prays that the Court enter judgment for him against the Defendants as

follows:

(a) Enter judgment for the Trustee against Sunwind in the amount of the

Obligation, in the form annexed as Exhibit "C" hereto;

(b) Enter an order preliminarily enjoining and restraining Sunwind and Top Notch

from distributing any of the proceeds from the sale of Sunwind assets to Top

Notch without the immediate payment in full of the Obligation of Sunwind to

the Trustee, which, in conjunction with the reach and apply action, grants to

the Trustee an equitable lien on such proceeds;

(c) Enter an order authorizing the Trustee to reach any monies payable by Top

Notch to Sunwind on account of the Purchase Agreement and applying such

monies against the Obligation; and

(d) granting such other and further relief as this Court deems just and proper.

<div style="margin-left:40%">

STEPHEN DARR AS HE IS THE
TRUSTEE OF THE CHAPTER 11
ESTATES OF EACH OF THE DEBTORS
By his attorneys,


/s/ Charles R. Bennett, Jr.
Charles R. Bennett, Jr. (BBO #037380)
Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA  02108
(617) 423-0400
CBennett@murphyking.com
ALizotte@murphyking.com

</div>

Dated: August 19, 2016

## VERIFICATION

I, Stephen B. Darr, as Trustee of the Chapter 11 Estates of TelexFree, Inc., TelexFree,

LLC and TelexFree Financial, Inc., being duly sworn, depose and state that the foregoing

allegations are true and correct.

Signed under the pains and penalties of perjury this _23_ day of August, 2016.

Stephen B. Darr, Trustee

713719

7

# *EXHIBIT A*

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the _____ day of June, 2016 ("Effective Date"), by and among Stephen Darr as he is the duly appointed and acting Trustee ("Trustee") of the Chapter 11 Estates of TelexFree, LLC; TelexFree, Inc.; and TelexFree Financial, Inc. (collectively, "TelexFree") and Sunwind Energy Doyle North LLC; Sunwind Energy Solutions LLLP; and Sunwind Energy Group LLLP (collectively, "Sunwind") (Trustee, TelexFree, and Sunwind are collectively, "Parties").

## RECITALS:

WHEREAS, in the fall of 2013, Sunwind approached TelexFree regarding a business opportunity relating to a wind farm being developed by Sunwind in Kansas;

WHEREAS, following the initial discussion, TelexFree agreed to make advances to Sunwind;

WHEREAS, prior to December 31, 2013, TelexFree, directly or through its conduit TelexElectric, LLLP ("TelexElectric") advanced in the aggregate $2,018,359 to Sunwind;

WHEREAS, On February 5, 2014, TelexFree advanced an additional $390,000 to Sunwind;

WHEREAS, on February 19, 2014, TelexFree advanced an additional $200,500 to Sunwind;

WHEREAS, Sunwind has acknowledged owing to TelexFree the principal sum of $2,608,889 plus accrued interest through April 1, 2016 of $423,497.35, which principal continues to accrue interest at a rate of 5% per annum (the "Obligation");

1

WHEREAS, Sunwind has disputed owing TelexFree and/or the Trustee any additional monies, any ownership interest in Sunwind claimed by TelexFree and/or the Trustee, and any other relief sought in the Adversary Proceeding brought by the Trustee against Sunwind other than the Obligation

WHEREAS, on March 3, 2016, the Trustee commenced an Adversary Proceeding against Sunwind, among others, seeking to recover the Obligation styled *Stephen Darr, Trustee of the Chapter 11 Estates of TelexFree, LLC, TelexFree, Inc. and TelexFree Financial, Inc. v. TelexElectric LLLP, et al.*, Adv. Pro. No. 16-04019, (the "Advesary Proceeding"); and

WHEREAS, Sunwind and the Trustee seek to resolve their disputes and provide for an opportunity for Sunwind to enter into a transaction the proceeds of which are to pay, among other items, the Obligation,

NOW THEREFORE, for good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

2

## ACKNOWLEDGMENT OF OBLIGATION

1.    Sunwind acknowledges that it is obligated to TelexFree for the Obligation. Sunwind will assent to the entry of a judgment for the Trustee in the amount of the Obligation in the Adversary Proceeding styled *Stephen Darr, Trustee of the Chapter 11 Estates of TelexFree, LLC, TelexFree, Inc. and TelexFree Financial, Inc. v. TelexElectric LLLP, et al.*, Adv. Pro. No. 16-04019, and the issuance of an Execution thereon.

## FORBEARANCE

1.    The Trustee shall forbear from exercising his right to enforce the Execution until the earlier of (a) occurrence of an Event of Default or (b) April 30, 2017.

## WAIVER OF CLAIMS AND RELEASES

1.    Sunwind hereby acknowledges and agrees that as of the date hereof, it has no offsets, defenses, claims or counterclaims against TelexFree or any of its successors or assigns, including but not limited to TelexElectric LLLP and the Trustee, with respect to the Outstanding Obligations or otherwise, and that if Sunwind now has, or ever did have, any offsets, defenses, claims or counterclaims against TelexFree or TelexElectric, or its predecessors, successors or assigns, whether known or unknown, at law or in equity, from the beginning of the world through this date and through the time of the execution of this Settlement Agreement, then all of them are hereby expressly WAIVED AND SUNWIND HEREBY RELEASES THE TRUSTEE, TELEXFREE AND TELEXELECTRIC AND THEIR PREDECESSORS, SUCCESSORS AND ASSIGNS FROM ANY LIABILITY THEREOF.  WITHOUT LIMITING THE GENERALITY OF THE FOREGOING RELEASE, AS OF THE DATE HEREOF, SUNWIND ITS SUCCESSORS, ASSIGNS, PARENTS, SUBSIDIARIES, AFFILIATES, PREDECESSORS, EMPLOYEES, HEIRS, EXECUTORS AS APPLICABLE, JOINTLY AND SEVERALLY, RELEASE AND FOREVER DISCHARGE THE TRUSTEE, TELEXFREE AND TELEXELECTRIC AND THEIR SUBSIDIARIES, AFFILIATES, SUCCESSORS AND ASSIGNS OF AND FROM ANY AND ALL MANNER AND ACTIONS, CAUSES, AND CAUSES OF ACTION, SUITS, DEBTS, CONTROVERSIES, DAMAGES, JUDGMENTS, EXECUTIONS, CLAIMS AND DEMANDS WHATSOEVER, ASSERTED OR UNASSERTED, IN LAW OR IN EQUITY, WHICH AGAINST THE TRUSTEE, TELEXFREE AND/OR TELEXELECTRIC AND/OR ANY OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, BOTH PRESENT AND FORMER, EVER HAD OR NOW HAVE UPON OR BY REASON OF ANY MANNER, CAUSE, CAUSES OR

THINGS WHATSOEVER, INCLUDING WITHOUT LIMITATION ANY PRESENTLY EXISTING CLAIMS OR DEFENSES, WHETHER OR NOT PRESENTLY SUSPECTED, CONTEMPLATED OR ANTICIPATED.

2.      TelexFree, TelexElectric, and the Trustee hereby acknowledge and agree that as of the date hereof, other than the Obligation acknowledged above, they have no other claims against Sunwind or any of its successors or assigns. TelexFree, TelexElectric, and the Trustee and any of their successors or assigns hereby release Sunwind from any and all other claims, including but not limited to the claims asserted in the Adversary Proceeding other than the Obligation acknowledged above, that TelexFree, TelexElectric, or the Trustee or their successors or assigns now has, or ever did have, any offsets, defenses, claims or counterclaims against Sunwind, or its predecessors, successors or assigns, whether known or unknown, at law or in equity, from the beginning of the world through this date and through the time of the execution of this Settlement Agreement, then all of them are hereby expressly WAIVED AND THE TRUSTEE, TELEXFREE AND TELEXELECTRIC HEREBY RELEASES SUNWIND AND THEIR PREDECESSORS, SUCCESSORS AND ASSIGNS FROM ANY LIABILITY THEREOF. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING RELEASE, AS OF THE DATE HEREOF, THE TRUSTEE, TELEXFREE AND TELEXELECTRIC THEIR SUCCESSORS, ASSIGNS, PARENTS, SUBSIDIARIES, AFFILIATES, PREDECESSORS, EMPLOYEES, HEIRS, EXECUTORS AS APPLICABLE, JOINTLY AND SEVERALLY, RELEASE AND FOREVER DISCHARGE SUNWIND AND ITS SUBSIDIARIES, AFFILIATES, SUCCESSORS AND ASSIGNS OF AND FROM ANY AND ALL MANNER AND ACTIONS, CAUSES, AND CAUSES OF ACTION, SUITS, DEBTS, CONTROVERSIES, DAMAGES, JUDGMENTS, EXECUTIONS, CLAIMS AND DEMANDS WHATSOEVER, ASSERTED OR UNASSERTED, IN LAW OR IN EQUITY, WHICH AGAINST SUNWIND AND/OR ANY OF ITS PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, BOTH PRESENT AND FORMER, EVER HAD OR NOW HAVE UPON OR BY REASON OF ANY MANNER, CAUSE, CAUSES OR THINGS WHATSOEVER, INCLUDING WITHOUT LIMITATION ANY PRESENTLY EXISTING CLAIMS OR DEFENSES, WHETHER OR NOT PRESENTLY SUSPECTED, CONTEMPLATED OR ANTICIPATED.

## REPRESENTATIONS AND WARRANTIES

2.      Sunwind represents and warrants to the Trustee as follows:

4

     (a)    <u>Organization</u>

        (i)    Each Sunwind entity described in the introductory paragraph is, and will continue to be, duly organized and validly existing and in good standing of the laws of the state of its organization;

        (ii)    Each of Sunwind is duly qualified and in good standing in every state in which it does business; and

        (iii)    Each Sunwind entity has the power to execute and deliver this Agreement to TelexFree;

     (b)    <u>Execution and Delivery</u>

The execution, delivery and performance of this Agreement:

        (i)    Have been duly authorized by all requisite actions of Sunwind;

        (ii)    Will not violate any provisions of law applicable to Sunwind, any government regulations, or organizational documents, or operating agreements, or any order of any court or agency or government binding on Sunwind, or any indenture, agreement, or other instrument to which Sunwind is a party, or by which any of them or any of their property is bound; and

        (iii)    Will not be in conflict with, result in a breach of, or constitute (with due notice and/or laps of time) a default under, any such indenture, agreement or other instrument. No authorization, consent, approval, license exemption of or filing or registration with any court or governmental department, commission, board, bureau, agency or instrumentality, domestic or foreign, is or will be necessary to the valid execution, delivery or performance by Sunwind under this Agreement.

     (c)    Recitals set forth above and incorporated herein are accurate and true.

<u>REPORTING</u>

3.    Sunwind agrees as follows:

5

(a)   Reporting: No later than ten (10) days following the end of each calendar quarter, Sunwind shall provide to the Trustee the following:

(i)   Quarterly financial statements, including profit and loss, and balance sheets.

(ii)   Status of sale of Sunwind or development of the project.

(iii)   Sunwind shall permit the Trustee or his designee, upon ten (10) days' notice to Sunwind access to inspect the books and records of any and all of the Sunwind entities, and Sunwind shall cooperate with the Trustee or his designee in connection with the examining, copying, abstracting of any of the information on Sunwind's books, records, files and/or electronically stored data.

## NEGATIVE COVENANT

1. Sunwind shall not without the express consent of the Trustee, which will not be unreasonably withheld:

   (a) Incur any debt outside the ordinary course of business or grant any lien on any

   of their respective assets to secure any existing debt to any creditor;

   (b) Enter into an agreement to sell it assets

   (c) Enter into any  agreement of merger;

   (d) Enter into any agreement that result in a change of control; or

   (e) Make distributions to any holder of any equity interest in Sunwind.

## PAYMENT

(f)   Upon release of the funds seized by the Securities Exchange Commission in the amount of $235,211.30 ("Banterra Bank Funds"), which are proceeds from the advances constituting a portion of the Obligation, Sunwind shall cause those Banterra Bank Funds to be paid to the Trustee to be applied  in reduction of the Obligation.

(g)   Unless otherwise agreed, the Obligation shall be paid in full, along with all accrued interest, upon the occurrence of any of the following:

(a)    Sale of an asset or assets of Sunwind, when sufficient funds are paid to Sunwind to satisfy the Obligation in accordance with the payment schedule for the asset sale

(b)    Lease or sublease of Sunwind assets

(c)    An assignment of any lease or license or permit held by Sunwind

(d)    Sunwind entering into a financing transaction, or

(e)    Change of control.

## EVENT OF DEFAULT

(h)    The occurrence of one or more of the following events shall constitute an event of default (hereinafter, "Event of Default") under this Agreement, whereupon the Trustee's obligation to forbear from exercising his rights and remedies to enforce the Execution shall immediately cease:

(a)    The failure of Sunwind to promptly, punctually or faithfully perform any of the terms and conditions of this Agreement;

(b)    The filing of a bankruptcy petition, whether voluntary or involuntary, which is not dismissed within thirty (30) days of its commencement;

(c)    The appointment of a Receiver over Sunwind or Sunwind making an assignment for the benefit of creditors or any other out-of-court restructuring agreement;

(d)    Failure to pay the Obligation in full by April 30, 2017, or at a time mutually agreed by the Parties as a reasonable extension.

## REMEDIES

(i)    Upon the occurrence of a Termination Event without prior notice or demand, each of which is hereby expressly WAIVED BY SUNWIND, the Trustee's agreement to forbear as set forth in this Agreement shall automatically terminate, and the Trustee may immediately commence enforcing its rights and remedies, at law or in equity, to enforce the Execution.

## JURISDICTION

7

Case 16-04080    Doc 1    Filed 08/23/16    Entered 08/23/16 16:56:05    Desc Main
Document    Page 16 of 27
Case 16-04019    Doc 13    Filed 06/07/16    Entered 06/07/16 14:10:00    Desc Main
Document    Page 8 of 13

(j)    <u>Consent to Jurisdiction</u>. The Parties expressly acknowledge that this Agreement shall be executed in counterparts, each of which when so executed and delivered shall be an original, but all of the counterparts taken together shall constitute one and the same instrument. This Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Massachusetts, without regard to conflicts of law principles. Sunwind expressly consents to the jurisdiction of the United States Bankruptcy Court for the District of Massachusetts as the exclusive jurisdiction for resolving any disputes or controversies between the Parties.

<div align="center">

## MISCELLANEOUS

</div>

(k)    <u>Further assurances</u>. The Parties hereby agree that contemporaneously with the execution of this Agreement and at any times thereafter, upon the request by a Party, the other Party shall execute and deliver all documents, instruments and agreements as required to do all things reasonably necessary or reasonably requested by the Party to assure the other Party that the intent of the Party in entering into this Agreement and the specific terms and conditions are effectuated.

<div align="center">

## NOTICE

</div>

(l)    All notices, requests, demands and other communications hereunder shall be in writing and directed to the applicable Party at the address indicated below.

If to the Trustee, to:

Stephen B. Darr, Trustee

Huron Consulting Group
125 Summer Street #1805
Boston, Massachusetts 02110
Telephone:    617-226-5500

Email:      sdarr@huronconsultinggroup.com

with a copy to:

<div align="center">8</div>

Harold B. Murphy, Esq.

Charles Bennett, Esq

Murphy & King, P.C.

One Beacon Street

Boston, MA 02108

Telephone:    (617) 423-0400

Fax:          (617) 423-0498

Email:        hmurphy@murphyking.com


If to Sunwind, to:


Joe Craft

825 Main Street, Suite B

Boonvile, IN 47601-1885


Telephone:    (270) 564-2372

Fax:          (812) 641-0478

Email:        jcraft@sweglllp.com

with a copy to:


Lauren Dwyer, Esq.

Donoghue Barrett & Singal

One Beacon Street, Suite 1320

Boston, MA 02108

9

| | |
|---|---|
| Telephone: | (617) 720-5090 |
| Fax: | (617) 720-5092 |
| Email: | ldwyer@dbslawfirm.com |

or at such other addresses as the Parties to whom such notices are directed may have been designated in writing to the other Parties hereto.  Each such notice, demand, request, consent, approval, declaration or other communication shall be deemed to have been validly served, given or delivered if the same is served, given or delivered to the relevant Party at the applicable address referenced above by first-class mail, email, or express mail.

## DESIGNATION OF PARTY FOR ACCEPTANCE OF SERVICE

(m)    Sunwind hereby designates Joe Craft, 825 Main Street, Suite B, Boonville, IN 47601-1885 as its agent for service of process, and Sunwind expressly acknowledges that service of process upon Joe Craft is valid and perfected and appropriate notice.

## COUNSEL

(n)    The Parties acknowledge and agree that they have had ample opportunity to consult with counsel of their choice regarding this transaction, have had ample opportunity to review with counsel the terms and provisions of this Agreement, understand and assent to the obligations imposed by this Agreement, and knowingly and willingly enter into this Agreement.

## SUCCESSORS

(o)    Successors to this Agreement shall inure to the benefit of and shall be binding upon the Parties and their respective successors, assigns and legal representatives.

## INDEMNIFICATION

(p)    Sunwind shall indemnify, defend and hold the Trustee harmless of and from any claims brought or threatened against the Trustee by any third party, including without limitation

any trustee or agent acting on behalf of Sunwind, as well as from attorneys' reasonable fees and expenses in connection therewith on account of TelexFree's relationship with Sunwind. In connection therewith, the Trustee may select counsel of his own choice.

## WAIVER OF JURY TRIAL

(q)    Sunwind makes the following waiver knowingly, voluntarily and intentionally, and understands that the Trustee, in entering into this Agreement, is relying thereon. Sunwind, to the extent otherwise entitled thereto, hereby irrevocably waives any present or future right of Sunwind to a jury in any trial of any case or controversy in which the Trustee is or becomes a party, whether such case or controversy is initiated by or against the Trustee or in which the Trustee is joined as a party litigant, which case or controversy arises out of or is in respect of any relationship between Sunwind and TelexFree and the Trustee.

## BANKRUPTCY COURT APPROVAL

(r)    The Parties acknowledge that this Settlement Agreement is subject to approval by the United States Bankruptcy Court.

[SIGNATURE PAGE NEXT PAGE]

11

This Agreement is executed as a sealed instrument as of the date first set forth above.

SUNWIND ENERGY DOYLE
NORTH, LLC

By: _____
Name  Joe H. Croft
Title  President of General
Partner

Witness:

_____
Print Name:  Katherine Knapp

SUNWIND ENERGY SOLUTIONS LLLP

By: _____
Name  Joe H. Croft
Title  President of General
Partner

Witness:

_____
Print Name:  Katherine Knapp

SUNWIND ENERGY GROUP  LLLP

By: _____
Name  Joe H. Croft
Title  President of General
Partner

Witness:

_____
Print Name:  Katherine Knapp

TELEXFREE, LLC,

TELEXFREE, INC, and

12

STEPHEN B. DARR, AS TRUSTEE    Witness:

By:  _____    _____

Stephen Darr as Trustee of the    Tracy Genzale
Chapter 11 Estates of TelexFree, LLC
and TelexFree, Inc.

*13*

# *EXHIBIT B*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>     Debtors. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered |
| STEPHEN DARR AS HE IS THE TRUSTEE<br>OF THE CHAPTER 11 ESTATES OF<br>TELEXFREE, LLC, TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>TELEXELECTRIC, LLLP,<br>TELEXELECTRIC LP,<br>SUNWIND ENERGY DOYLE NORTH LLC,<br>SUNWIND ENERGY SOLUTIONS DOYLE<br>NORTH, LLC, SUNWIND ENERGY<br>SOLUTIONS LLLP, and SUNWIND ENERGY<br>GROUP LLLP,<br><br>     Defendants,<br><br>and<br><br>SUNWIND ENERGY DOYLE NORTH LLC,<br>SUNWIND ENERGY SOLUTIONS DOYLE<br>NORTH, LLC, SUNWIND ENERGY<br>SOLUTIONS LLLP, and SUNWIND ENERGY<br>GROUP LLLP,<br><br>     Reach and Apply/Trustee Defendants. | Adv. Proc. No. 16-4019 |

ORDER APPROVING MOTION BY TRUSTEE TO APPROVE SETTLEMENT
AGREEMENT (SUNWIND ENERGY ET AL)

This matter having come before the Court on this 27 day of July, 2016 on the motion ("Motion") by Stephen B. Darr, the duly appointed Chapter 11 Trustee (the "Trustee") of the bankruptcy estates ("Estates") of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, the "Debtors"), to approve the settlement agreement ("Agreement") by and between the Trustee and Sunwind Energy Doyle North LLC, Sunwind Energy Solutions LLLP, and Sunwind Energy Group LLLP (collectively, "Sunwind"), all parties in interest having been notified, and a statement having been filed by the Plaintiffs' Interim Executive Committee, it is hereby ORDERED that:

1.    The Motion is approved, subject to the terms herein.

2.    While the Trustee shall retain no causes of action against Sunwind, nothing contained in the Agreement shall impair, release, or discharge claims that have been or could be asserted, whether or not such claims have to date been asserted, by the plaintiffs in the multi-district litigation pending in the United States District Court for the District of Massachusetts, *captioned* In re TelexFree Securities Litigation, MDL No. 4:14-md-2566- TSH. For the avoidance of doubt, the Trustee ~~agrees he~~ shall not attempt to assert any claims or causes of action against Sunwind in this multi-district litigation or otherwise. Nothing in this ~~release~~ *order* grants the plaintiffs in the multi-district litigation any claims or causes of action that they would otherwise not have absent the Agreement.

Dated: July 27, 2016

_____
Hon. Melvin S. Hoffman
Chief United States Bankruptcy Judge

712124

2

# *EXHIBIT C*

<div align="center">

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

</div>

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>     Debtors. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered |
| STEPHEN DARR AS HE IS THE TRUSTEE<br>OF THE CHAPTER 11 ESTATES OF<br>TELEXFREE, LLC, TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>SUNWIND ENERGY DOYLE NORTH LLC,<br>SUNWIND ENERGY SOLUTIONS DOYLE<br>NORTH, LLC, SUNWIND ENERGY<br>SOLUTIONS LLLP, and SUNWIND ENERGY<br>GROUP LLLP,<br><br>     Defendants,<br><br>and<br><br>TOP NOTCH PERFORMERS, LLC<br><br>     Reach and Apply Defendant. | Adv. Proc. No. 16- |

<div align="center">

## JUDGMENT

</div>

     This matter having come before the Court on the Complaint of Stephen Darr, as he is the

duly appointed and acting Trustee of the Chapter 11 Estates of TelexFree, Inc., TelexFree, LLC

and TelexFree Financial, Inc., for the entry of Judgment in accordance with a certain Settlement

Agreement dated June 7, 2016, in Adversary Proceeding No. 16-4019, DE 13 and for good cause shown,

Judgment is hereby entered for Stephen Darr, as he is the duly appointed and acting Trustee of the Chapter 11 Estates of TelexFree, Inc., TelexFree, LLC and TelexFree Financial, Inc., against Sunwind Energy Doyle North LLC, Sunwind Energy Solutions Doyle North LLC, Sunwind Energy Solutions LLLP, and Sunwind Energy Group LLLP in the principal amount of $2,608,889 and interest in the amount of $423,497.35 plus interest from and after April 1, 2016, at the per annum rate of five (5) percent.

_____

Hoffman, J.

2